IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-03316-CMA-KLM

HUNTER ADAM MELNICK,

Plaintiff,
v.

SARAH MARLOW, Director of RSA, Inc.,
TONYA GAMBLIN, CPO,
ELISE PATE, Therapist of RSA, Inc.,
NATHANYA AHAMED, Clinical Director of RSA, Inc.,
THERESA MITCHELL, CPO of DOC,
MELISSA LAWRENCE, CTL of DOC,
HALL, CPO of DOC, and
HARDGROVE, CPO of DOC,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING FEBRUARY 15, 2023 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

     This matter is before the Court on the February 15, 2023 Recommendation of United States Magistrate Judge (Doc. # 82), wherein Magistrate Judge Kristen L. Mix recommends this Court grant in part and deny in part Defendants Tonya Gamblin, Theresa Mitchell, Melissa Lawrence, Hall, and Hardgrove's (collectively "Parole Defendants") Motion to Dismiss (Doc. # 48). Plaintiff Hunter Adam Melnick,[1] proceeding *pro se*, timely filed a "Reply to Recommendations," which the Court construes as an

---

[1] Plaintiff identifies as female and will be referred to using feminine pronouns and titles throughout this Opinion.

Objection. *See* Fed. R. Civ. P. 72(b)(2). For the following reasons the Court affirms and adopts Judge Mix's Recommendation as an order of this Court.

## I. BACKGROUND

The factual background of this case is set out at length in Judge Mix's Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts necessary to address Plaintiff's Objection to the Recommendation. The Court takes the well-pleaded facts from Plaintiff's Amended Complaint (Doc. # 13) and assumes them to be true for purposes of reviewing the Motion to Dismiss. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

On August 9, 2022, Parole Defendants filed the instant Motion to Dismiss. (Doc. # 48). Judge Mix issued her Recommendation on February 15, 2023. (Doc. # 82.) Plaintiff timely filed an Objection. (Doc. # 84). Parole Defendants did not object or respond, and the time to do so has passed. Fed. R. Civ. P. 72(b)(2).

## II. LEGAL STANDARDS

**A. REVIEW OF PLEADINGS BY A *PRO SE* PLAINTIFF**

Because Plaintiff is proceeding *pro se*, the Court "review[s her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a party's] arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments." *United States v.*

*Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

**B.     REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

C.   **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept conclusory allegations without supporting factual

averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted).

### III.   DISCUSSION

**A.   CLAIM ONE—SEPTEMBER 2020 SEARCH**

In her Recommendation, Judge Mix first recommends that the sole surviving claim in Claim One—First Amendment retaliation based on the confiscation of cell phones and legal documents by Parole Defendants during a September 2020 search of Plaintiff's home and property—be dismissed. (Doc. # 82 at 12.) Plaintiff alleges that the items were confiscated in retaliation for her bringing and maintaining two ongoing lawsuits against Colorado Department of Corrections personnel. (Doc. # 13.) Judge Mix concludes Plaintiff has not sufficiently pleaded that Defendants' actions were substantially motivated by Plaintiff's exercise of constitutionally protected conduct. (Doc. # 82 at 8–12.) Rather, Judge Mix finds the allegations of retaliatory motive to be conclusory. (Doc. # 82 at 9.)

Specifically, Judge Mix points out that this alleged retaliatory conduct "appears to have been taken only by Defendants Mitchell and Gamblin." (*Id.* at 11.) Further, Judge Mix notes that Plaintiff does not allege that any of the Parole Defendants, besides Defendant Lawrence—who was named in one of the previously filed suits—knew of Plaintiff's ongoing litigation. (*Id.* at 10.) Judge Mix also concludes that Plaintiff has not

alleged facts from which the Court could infer retaliatory motivation, such as Defendant Lawrence receiving notice of the prior suit within close "temporal proximity" of the September 2020 search. Finally, Judge Mix notes that, even had Plaintiff alleged temporal proximity, this alone is insufficient to plead the retaliatory motive required for a successful First Amendment claim. (*Id.* at 11 (citing *Mallet v. Law*, No. 13-cv-02676-CMA-MJW, 2014 WL 421569, at *3 (D. Colo. Feb. 3, 2014))).

Plaintiff objects to Judge Mix's Recommendation. She argues that she did in fact plead that Defendants Mitchell and Gamblin knew about her previously filed suit. (Doc. # 84 at 1–2.) Specifically, she notes that her Complaint alleges that Defendant Mitchell read the legal documents—which pertained to one of her previously filed lawsuits—and questioned Plaintiff about them prior to confiscating them. (*Id.*) Plaintiff also argues this demonstrates temporal proximity sufficient to show Defendant Mitchell confiscated the documents in retaliation for the suit. (*Id.*) Additionally, Plaintiff argues that Defendant Lawrence "provided the shake down slip" and was thereby involved in the September 2020 search. (*Id.*)

The Court agrees with Judge Mix's analysis of Claim One. Judge Mix acknowledged Plaintiff's factual allegation that Defendant Mitchell reviewed the legal documents and questioned Plaintiff prior to confiscating them. (Doc. # 82 at 4.) Yet, Judge Mix still found Plaintiff's Complaint insufficient. (*Id*. at 9–10.) More importantly, Judge Mix correctly points out that temporal proximity alone "does not constitute sufficient circumstantial proof of retaliatory motive to state a claim." *Friedman v. Kennard*, 248 Fed. App'x 918, 922 (10th Cir. 2007). In other words, even though Plaintiff

6

alleged Defendant Mitchell learned about Plaintiff's ongoing litigation moments before confiscating the legal documents, this alone is insufficient to state a claim for First Amendment retaliation. *See, e.g.*, *id.*; *see also Wright v. McCotter*, 172 F.3d 880, 1999 WL 76940, at *1 (10th Cir. Feb. 18, 1999).

Plaintiff's argument that she pleaded Defendants Lawrence and Gamblin knew about the ongoing suits is also unpersuasive as she does not provide any specific factual averments supporting retaliatory motive by these Defendants, temporal proximity or otherwise. *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). Plaintiff does not point to legal or factual errors related to Judge Mix's assessment that her Complaint contains no allegations that Defendants Hall and Hardgrove knew of Plaintiff's previously filed suits or engaged in the complained of search. *See Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) (explaining that plaintiffs must specify which defendants engaged in which alleged constitutional violations); *2121 East 30th Street*, 73 F.3d at 1059–60.

Plaintiff also argues that Parole Defendants have not demonstrated they confiscated her property for some legitimate reason or asserted any other defense for their actions. (Doc. # 84 at 1–2.) However, at this stage of the litigation the burden is on Plaintiff to plausibly plead all the elements of a First Amendment retaliation claim. *Iqbal*, 556 U.S. at 678. As Plaintiff points out in her Objection, the "sufficiency of a complaint must rest on its contents alone," not on any counter-facts defendants might later assert.

7

(*Id.* at 2 (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).)) Therefore, upon *de novo* review, the Court agrees that Plaintiff has offered only speculation and conclusory allegations that her cell phones and legal documents were seized for a retaliatory motive. Fed. R. Civ. P. 72(b)(3). As such, the Court dismisses Plaintiff's First Amendment retaliation claim based on the September 2020 search of her home without prejudice. *See Gee*, 627 F.3d at 1186 ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice . . . .").

### B.  CLAIM THREE—INTERNET RESTRICTIONS

#### 1.  First Amendment Retaliation

Judge Mix next addresses the First Amendment retaliation claim asserted in Claim Three—that Parole Defendants severely restricted Plaintiff's internet access in retaliation for her ongoing lawsuits. Judge Mix recommends this claim be dismissed for the same reason discussed above, because Plaintiff has not sufficiently pleaded that the restrictions were substantially motivated by Plaintiff's exercise of constitutionally protected conduct. (Doc. # 82 at 13.) In her Objection Plaintiff counters that "the restrictions occurred only after the lawsuit," which she argues is "plainly temporal proximity as this has been known to occur within 30 days" of unspecified actions in her ongoing case *Melnick v. Gamblin*, No. 1:20-cv-02284-CMA-KLM. (Doc. # 84 at 2.)

Initially, this Court notes that although Plaintiff repeatedly references two previously filed lawsuits in her Complaint, *Melnick v. Raemisch*, Case No. 19-cv-00154-CMA-KLM, and *Melnick v. Lawrence*, Case No. 19-cv-01550-CMA-KLM (Doc. # 13 at 8, 13, 17, 20, 24, 26), Plaintiff makes no references or allegations related to this third suit.

The Court will not "construct arguments or theories for the [movant] in the absence of any discussion of those issues." *Drake*, 927 F.2d at 1159. More importantly, Plaintiff again fails to point to well-pleaded factual allegation demonstrating retaliatory motive **in addition** to temporal proximity. *Friedman*, 248 Fed. App'x at 922 ("Standing alone and without supporting factual allegations, temporal proximity between an alleged exercise of one's right of access to the courts and some form of [] discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim."). Therefore, the Court agrees that Plaintiff has also failed to state a claim for First Amendment retaliation based the restrictions placed on her internet access. This claim will also be dismissed without prejudice. *Gee*, 627 F.3d at 1186 (10th Cir. 2010).

        2.      <u>Rights to Familial Association and to Free Speech/Assembly</u>

Finally, Judge Mix recommends denial of Parole Defendants' Motion to Dismiss as it relates to the remaining claims asserted in Plaintiff's Claim Three—violations of her familial associations, and her freedoms of speech and association related to internet usage. (Doc. # 82 at 14–20.) The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (*Id.* at 21.) Despite this advisement, Parole Defendants did not file objections to Judge Mix's Recommendation. After reviewing the Recommendation, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law as it relates to these claims. *See* Fed. R. Civ. P. 72(a); *Summers*, 927 F.2d at 1167.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERD as follows:

- Plaintiff Hunter Adam Melnick's Objection (Doc. # 84) is OVERRULED;

- The February 15, 2023 Recommendation of United States Magistrate Judge (Doc. # 82) is AFFIRMED AND ADOPTED;

- Parole Defendants' Motion to Dismiss (Doc. # 48) is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiff's two claims of First Amendment retaliation. It is DENIED as to Plaintiff's claims of interference with familial relationships and violations of First Amendment freedoms of speech and assembly related to restrictions on internet usage.

- Accordingly, Plaintiff's Claim One and Claim Three First Amendment retaliation claims against all Parole Defendants are DISMISSED WITHOUT PREJUDICE.

- Should Plaintiff wish to amend her complaint, she shall file a motion for leave to amend together with a proposed amended complaint curing the deficiencies identified in this Order on or before April 29, 2023, otherwise her First Amendment retaliation claims will be dismissed with prejudice.

DATED: March 29, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge