**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-03316-CMA-SBP

HUNTER ADAM MELNICK,

Plaintiff,

v.

TONYA GAMBLIN, CPO,
THERESA MITCHELL, CPO of DOC,
MELISSA LAWRENCE, CTL of DOC,
HALL, CPO of DOC, and
HARDGROVE, CPO of DOC,

      Defendants.

---

**ORDER DENYING RECONSIDERATION AND DENYING LEAVE TO AMEND**

---

This matter is before the Court on Plaintiff Hunter Adam Melnick's "Motion for Reconsideration" (Doc. # 132), "Amended Motion for Reconsideration" (Doc. # 133), and Motion to Amend (Doc. # 134) his Amended Complaint (Doc. # 13). For the following reasons, the Court denies the Motions.

## I.     <u>BACKGROUND</u>

This case revolves around alleged constitutional violations which occurred during a September 2020 search of Plaintiff's residence while Plaintiff was under parole supervision. *See generally* (Doc. # 13.) Following an initial screening, then-Magistrate Judge Gordon P. Gallagher recommended that the majority of claims be dismissed. (Doc. # 17.) This Recommendation was adopted in substantial part by Judge Lewis T.

Babcock. (Doc. # 19.) Plaintiff was permitted to pursue claims only against Defendants Tonya Gamblin, Theresa Mitchell, Melissa Lawrence, Hall, and Hardgrove (collectively "the Parole Defendants") in their individual capacities for monetary relief. (*Id.*); *see also* (Doc. # 82 at 3.) Those claims were limited to the First Amendment retaliation claim in Claim One (against all the Parole Defendants) and the retaliation, familial association, and First Amendment free speech and association claims in Claim Three (against Defendants Mitchell and Gamblin). (Doc. # 19; Doc. # 82 at 3.)

Thereafter, on August 9, 2022, the Parole Defendants filed a Motion to Dismiss. (Doc. # 48.) On February 15, 2023, then-Magistrate Judge Kristen L. Mix[1] Recommended the Motion be granted in part and denied in part. *See generally* (Doc. # 82.) As it relates to the instant Motions, Judge Mix recommended that the First Amendment retaliation claims asserted in Claims One and Three be dismissed without prejudice and that Plaintiff be given leave to amend the operative Complaint. (*Id.* at 11–14, 21.) Plaintiff objected (Doc. # 84) to Judge Mix's Recommendation, but the Court overruled that Objection, and adopted and affirmed the Recommendation. (Doc. # 90.) Accordingly, Plaintiff's Claim One and Three First Amendment retaliation claims were dismissed without prejudice. (*Id.* at 10.) Plaintiff was given until April 29, 2023, to "file a motion for leave to amend together with a proposed amended complaint curing the deficiencies identified" by the Court. (*Id.*) The Court explicitly warned Plaintiff that failure

---

[1] In the Order adopting in substantial part Judge Gallagher's Recommendation, this case was assigned to Judge Christine M. Arguello and drawn to then-Magistrate Judge Kirsten L. Mix. (Doc. # 19.)

to do so would result in the "First Amendment retaliation claims [being] dismissed with prejudice." (*Id.*)

On April 5, 2023, Judge Mix granted the Parole Defendants' Motion to Stay proceedings. (Doc. # 93.) Proceedings in this case were stayed pending the later of either the outcome in a state court hearing on the validity of Plaintiff's marriage, or the outcome of a motion for a preliminary injunction in another of Plaintiff's cases, *Melnick v. Johnston*, 19-cv-00154-CMA. (Doc. # 93.) Judge Mix ordered the parties to file, within ten days of the resolution of each of those proceedings, briefs addressing the impacts of those resolutions on the instant case. (*Id.*)

On December 6, 2023, Magistrate Judge Susan B. Prose[2] noted that both the events for which this case had been stayed had occurred, and therefore lifted the stay. (Doc. # 111.) Judge Prose ordered the parties, by December 22, 2023, to file the required briefing regarding the impacts of the state court proceeding and the *Johnston* preliminary injunction order on the instant case. (*Id.*) Judge Prose also ordered Plaintiff to "expressly address whether [Plaintiff] intends to file a second amended complaint . . . , as it appears the case was stayed before the deadline of 4/29/2023, 'otherwise [the] First Amended retaliation claims will be dismissed with prejudice'" (*Id.* (citing Doc. # 90.)) In response to a request from Plaintiff (Doc. # 117), Plaintiff was later granted an extension until January 5, 2024, to file the court-ordered briefing. (Doc. # 119.) This deadline came and went without briefing by Plaintiff.

---

[2] This matter was reassigned to Magistrate Judge Susan B. Prose on May 1, 2023. (Doc. # 95.)

On January 16, 2024, Judge Prose recommended that Plaintiff's Motion for Preliminary Injunction (Doc. # 85) be denied. (Doc. # 126.) Noting the above procedural history and Plaintiff's lack of response regarding any intention to amend the operative complaint, Judge Prose also recommended that Plaintiff's First Amendment retaliation allegations contained within Claim One and Claim Three be dismissed with prejudice. (*Id.*) The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (*Id.* at 3 n.1.) Due to the Court's unexpected closure in the days following the issuance of the Recommendation, it was not mailed to Plaintiff until January 22, 2024. (Doc. # 128.) Therefore, pursuant to Federal Rules of Civil Procedure 5(b)(2)(C), 6(d), and 72(b)(2), any objections Plaintiff wished to file were due by February 12, 2024. *See* (Doc. # 129.)

Despite this advisement, no objection to Magistrate Judge Prose's Recommendation was filed on or before February 12, 2024. Rather, three days later, Plaintiff filed the three instant Motions. (Docs. ## 132–134.) The Motion to Reconsider (Doc. # 132) and Amended Motion to Reconsider (Doc. # 133) are identical. They appear to assert that Plaintiff intended to file the Motion to Amend on February 12 but encountered technical difficulties. (Docs. ## 132–33.) Plaintiff requests the Court "accept the separate Motion to Amend as filed before the deadline and rule on the Motion." (Docs. ## 132–33.) The Motion to Amend states, in its entirety:

> Plaintiff is requesting that Plaintiff be given permission to amend the original complaint to properly address the issues by the Magistrate [Judge] and to show how this claim is different from the other instant actions filed by the Plaintiff. And the attached chronological entries are shown in support of Plainitffs [sic] claims and in support of this instant action and are a part of discovery, which affect the outcome of this instant action.

4

(Doc. # 134.) No attachments were filed with this Motion.

## II.   <u>LEGAL STANDARDS</u>

### A.   PRO SE STANDARD OF REVIEW

Plaintiff is proceeding *pro se*. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a party]'s arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

### B.   OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been

properly objected to." "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

To be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

## C. RECONSIDERATION

Although the Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration of an interlocutory ruling, district courts have broad discretion to reconsider their rulings before the entry of final judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief

from judgment brought pursuant to Rule 60(b) are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018). To succeed on a motion to reconsider, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (citation and quotations omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (alterations incorporated); *see Sanchez v. Hartley*, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice").

D.      **AMENDMENT OF A COMPLAINT**

Federal Rule of Civil Procedure 15 offers parties one chance to amend *sua sponte*. Fed. R. Civ. P. 15(a)(1). After that, a party seeking to amend the pleadings must either secure the opposing party's written consent or obtain leave from the court. *Id.* at 15(a)(2). A court typically denies leave to amend when the party seeking leave shows bad faith, dilatory motive, failure to cure deficiencies after prior chances to amend, the futility of amendment, or—as relevant here—undue delay. *E.g., Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018). In this circuit, it is "well settled" that the mere absence of an adequate explanation for delay justifies the denial of leave to amend. *E.g., Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (denying

leave is particularly appropriate when the party requesting leave "has no adequate explanation for the delay").

### III.    <u>ANALYSIS</u>

Construing Plaintiff's Motions for Reconsideration (Docs. ## 132–33) liberally, the Court assesses them both as objections to the Magistrate Judge's Recommendation and under the standards for reconsideration of interlocutory rulings.

### A.    OBJECTION

If Plaintiff's Motions for Reconsideration are construed as objections to Judge Prose's Recommendation, and the Court accepts that they would have been timely filed but for Plaintiff's technical difficulties, they are insufficiently specific. *2121 East 30th Street*, 73 F.3d at 1059. Plaintiff does not identify any specific legal or factual errors in Judge Prose's Recommendation or the Court's Order Adopting and Affirming that Recommendation. Instead, the Motions merely request, belatedly, an opportunity to file an amended complaint. (Doc. # 134.)

Plaintiff was first put on notice of the deficiencies in his Amended Complaint (Doc. # 13) nearly a full year before filing the instant Motion to Amend and Motions for Reconsideration. *See* (Doc. # 82.) Even considering that proceedings in this case were stayed for a portion of that year, Plaintiff was provided with explicit instructions to advise the court of whether Plaintiff intended to file an amended complaint on December 6, 2023 (Doc. # 111), and was given an extension of time to do so (Doc. # 119). Judge Prose even waited an additional week and a half after the expiration of the deadline she set for Plaintiff's briefing before issuing her Recommendation. (Doc. # 126 at 2.) Despite

this, Plaintiff missed Judge Prose's extended deadline without explanation. Given the lack of specificity in the objections/Motions, the Court sees no reason to reject Judge Prose's Recommendation, which the Court finds to be sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

**B.    RECONSIDERATION**

Assessing Plaintiff's Motions under the standards for reconsideration, Plaintiff has not presented a proper basis for reconsideration. Plaintiff has not presented newly discovered evidence, nor has Plaintiff demonstrated a manifest error of law or fact. As noted above, Plaintiff had more than enough time to prepare a Motion to Amend and a second amended complaint. Plaintiff was warned on December 6, 2023, that failure to file the Court-ordered briefing in the time allotted specifying whether Plaintiff intended to amend would result in the dismissal of Plaintiff's First Amendment retaliation claims with prejudice. (Doc. # 111.) Even after being granted an extension of that deadline (Doc. # 119), Plaintiff did not file the briefing as required. Rather, Plaintiff waited until the last day of the period for objections to Judge Prose's Recommendation to file bare bones requests for reconsideration and for leave to amend. Plaintiff provides no explanation for failing to timely respond to Judge Prose's Order (Doc. # 111). Thus, the Court concludes that reconsideration of its Order (Doc. # 131) Adopting and Affirming Judge Prose's Recommendation is not warranted.

**C.    AMENDMENT**

Because the Court declines to reconsider its previous Order and/or overrules Plaintiff's objection to Judge Prose's Recommendation that Plaintiff's Claim One and

Claim Three First Amendment Retaliation claims against the Parole Defendants be dismissed with prejudice, Plaintiff's Motion to Amend is necessarily moot. However, even were the Court to consider the Plaintiff's Motion on the merits, it lacks "adequate explanation for the delay" in so moving, and therefore, the Court is justified in denying Plaintiff leave to file a second amended complaint. *Frank*, 3 F.3d at 1365–66.

### IV.   CONCLUSION

The Court ORDERS as follows:

- Plaintiff Hunter Adam Melnick's Motion to Reconsider (Doc. # 132) and Amended Motion to Reconsider (Doc. # 133) are DENIED; to the extent these Motions were intended as objections to the January 16, 2024 Recommendation of United States Magistrate Judge (Doc. # 126), the objections are OVERRULED; and

- Plaintiff's Motion to Amend (Doc. # 134) is DENIED.

DATED: March 5, 2024

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge